The STATE of Ohio

v.

**DOZIER.** ▌

Court of Common Pleas of Ohio,
Hamilton County.

No. B9802625.

Decided June 18, 1999.

*David Prem,* for plaintiff.

*Tobin Griffeth,* for defendant.

———————

ANN MARIE TRACEY, Judge.

This matter comes before the court for a finding as to whether John Dozier violated the terms and conditions of his community control. The court placed

John Dozier on community control June 29, 1998 after finding him guilty of two counts of theft, felonies of the fifth degree. After a probation violation for failure to report and pay as required, on April 16, 1999 the court continued Dozier on the original period of community control.

A new report of a community-control violation was filed June 2, 1999, alleging that on April 28, 1999, Dozier tested positive for marijuana. He admits that he used this drug, heavily, before the April 16 hearing. However, he contends that he cannot be cited for an act committed before the last violation hearing. There is no dispute that using marijuana constitutes a violation of his community control.

██ Initially, the court finds that Dozier did use marijuana while on community control, and that the urine tests are more persuasive in this regard than Dozier's testimony about the timing of his use. The court will leapfrog that issue, and instead directly address whether a new probation violation can be reported for infraction of a rule prior to the last probation-violation hearing. The court notes that here the court did not add to the period of community control at the April 16, 1999 hearing; rather, it continued Dozier on the original two-year period of community control imposed June 29, 1998.

R.C. 2929.15(A)(2)(b) provides that "if the offender violates any of the sanctions or the mandatory condition imposed under division (C)(1)(b) of Section 2951.02 of the Revised Code," which includes a requirement to follow the law, the probation officer "shall report the violation directly to the sentencing court* * *."

Here Probation Officer Coolidge Tisdale administered a urine test, which showed the presence of cannabinoids, confirmed the results, and issued the report of the violation. If the conditions are violated, the court may impose a longer period of community control, a more restrictive sanction, or a prison term. R.C. 2929.15(B). There is nothing in the statutory scheme which gives a probationer a "free pass" for violations that occurred before a previous hearing.

The court therefore concludes that Dozier is properly subject to the new report, and is guilty of a probation violation, based on his using a controlled substance.

*So ordered.*